## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| THE SPORTSMAN'S GUIDE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HAVANA NATIONAL BANK, )<br>SCHMEILSKI OUTDOORS, INC., ALL )<br>ABOUT GAME, INC., and ADVANCED )<br>GAME TECHNOLOGY GLOBAL, INC., )<br>)<br>Defendants. ) | Case No. 09-cv-1152 |

## O P I N I O N  &  O R D E R

This matter is before the Court on Plaintiff's Second Motion for Order to Deposit Disputed Funds and for Other Declaratory Relief. (Doc. 20). Defendants Schmeilski Outdoors, Inc. ("Schmeilski") and Havana National Bank ("Havana") have consented to this Motion. (Docs. 21 & 22). Defendants All About Game, Inc. ("AAG") and Advanced Game Technology Global, Inc. ("AGT") were both served on May 7, 2009 (Docs. 5 & 6); they have not responded to the Motion, nor have they appeared in this action. For the reasons stated below, Plaintiff's Second Motion is granted.

### BACKGROUND

On April 33, 2009, Plaintiff, The Sportsman's Guide, Inc. ("Sportsman's"), filed a Complaint for Interpleader under Federal Rule of Civil Procedure 22.[1] (Doc.

---

[1] Interpleader actions under Rule 22, unlike those under 28 U.S.C. § 1335, must have an independent basis of jurisdiction, such as diversity jurisdiction. Here, 28 U.S.C. § 1332's requirements are met, as Sportsman's is incorporated in

1). Sportsman's alleged that it had purchased products from Schmeilski on which Havana claimed a perfected security interest. Sportsman's acknowledged that it owed payment for the products, but was reluctant to pay Schmeilski because of Havana's claimed security interest. It filed this interpleader action in order to prevent multiple litigation and double payment liability. (Doc. 1 at 2-4). After Schmeilski and Havana had answered the Complaint, Sportsman's moved for this Court to order it to deposit the disputed funds and to take the necessary steps to release and protect it from further liability; its motion included a different calculation of the disputed funds from that of the Complaint.² (Doc. 15). Schmeilski opposed the motion, not because it contested Sportsman's right to deposit the funds and be released from liability, but because it contested the new calculation of the disputed funds by Sportsman's. (Doc. 16). Havana, because of Schmeilski's dispute

---

Minnesota and has its principal place of business there, while all of the Defendants are Illinois corporations with their principal places of business in Illinois (AAG and AGT have not responded, but Sportsman's, Schmeilski, and Havana all agree "on information and belief" that this is true as to these corporations, as well), and the amount in controversy is well over $75,000. Statutory interpleader under 28 U.S.C. § 1335, on the other hand, requires that the citizenship of all the <u>defendants</u> be diverse from one another, and only requires $500 to be in controversy. Jurisdiction for § 1335 interpleader also requires the plaintiff to deposit the funds in dispute with the court when filing the complaint, while Rule 22 interpleader does not require a deposit, though one can be made.

² Sportsman's ordered $233,000 in hunting products from Schmeilski in February 2009. In its first Complaint, Sportsman's stated that it owed $199,104 for the products. (Doc. 1 at 3). This was apparently based on the quantity of products that both it and Schmeilski expected to be shipped to Sportsman's. However, on opening the packages and taking an inventory, Sportsman's revised this calculation down to $172,805, to reflect a smaller quantity of products; this calculation was included in the first Motion for Order to Deposit Funds. (Doc. 2-3). This revision was the basis for the dispute between Sportsman's and Schmeilski. As noted below, Sportsman's has conducted a new inventory, and has arrived at $173,084, with which Schmeilski agrees.

with Sportsman's, also opposed the motion. (Doc. 17). On October 9, 2009, this Court ordered Sportsman's to amend its Complaint, and to submit a new Motion for Order to Deposit Funds, in order to clarify and give support to its calculation of the disputed funds. Sportsman's submitted an Amended Complaint and a Second Motion for Order to Deposit Funds on November 9, 2009. (Docs. 19 at 20).

In its Amended Complaint, Sportsman's alleges that in February 2009, it ordered hunting products from Schmeilski. These products were shipped directly to Sportsman's by the Chinese manufacturer, Zhejiang Zhongyu Leisure Products ("ZZLP"), from which Schmeilski had ordered them, and were delivered near the end of March 2009. In late March 2009, Sportsman's received notice from Havana informing it that Havana claimed a security interest in the inventory of AAG and AGT. In April, Sportsman's was again notified that Havana claimed a security interest in the some of the products.[3] Havana's claimed interest was in products that had allegedly been previously ordered by AAG and AGT, which were labeled with the letters "AGT" or "DOA."

As noted above, Sportsman's acknowledges that it owes payment for the "AGT" and "DOA" products it received to one or more of the Defendants. It filed this interpleader action in order to prevent multiple litigation and double liability.

---

[3] Havana's security interest allegedly arose because it had a perfected UCC lien over all the inventory of AAG and AGT. According to Havana's letter to Sportsman's counsel, AAG and AGT had ordered the products in question (which were labeled with the prefixes "AGT" or "DOA") from ZZLP in April 2008. After AAG and AGT had made a down payment on these products, they were untimely shipped to AAG's and AGT's customers, who then refused the shipments. AAG and AGT then cancelled the remaining orders from ZZLP. ZZLP then allegedly sold these products to Schmeilski, which sold them to Sportsman's. Havana claims that AAG and AGT actually owned these products as inventory, and that Havana thus has a lien on them. (Doc. 19 at 4-5).

Sportsman's asks the Court to enjoin the defendants from bringing any actions against Sportsman's for recovery of the disputed funds, the products in question, or the proceeds from the sale of those products; discharge Sportsman's from any further liability on any claim that has or may in the future be made concerning the products or the disputed funds; determine the portion of the disputed funds to which the Defendants are entitled; and award Sportsman's its costs and attorney's fees in this action.

## DISCUSSION

In its Second Motion for Order to Deposit Disputed Funds and for Other Declaratory Relief, Sportsman's asks the Court to direct it to deposit $173,084 with the Clerk of the Court. (Doc. 20). As directed by the Court, Sportsman's has clarified its calculation of the disputed funds, and has supported this calculation with documentary evidence and a detailed affidavit. (Doc. 20, Exs. A-C). Sportsman's explains that Schmeilski originally believed that the delivery received by Sportsman's in March 2009 contained "AGT" and "DOA" products worth $199,104.[4] However, when Sportsman's conducted an inventory of the packages, it found that they contained only $173,084 worth of "AGT" and "DOA" products.[5] Sportsman's represents in its Motion that Schmeilski agrees with its current

---

[4] Sportsman's also received products labeled with the letters "BH," "UB," and "HVSL" in the shipment from ZZLP. Havana does not claim a security interest in these products.

[5] As noted above, when Sportsman's first opened the packages, its inventory showed that $172,805 worth of "AGT" and "DOA" products had been delivered; this calculation was included in the first Motion to Deposit Funds. However, in preparing its Amended Complaint, Sportsman's re-inventoried the "AGT" and "DOA" products, and found that it had actually received $173,084 worth of these products.

4

calculation of the amount of the disputed funds.  In its Second Motion for Order to Deposit Disputed Funds, Sportsman's requests that the Court direct it to deposit the disputed funds with the Clerk of the Court; enjoin the Defendants from pursuing claims against Sportsman's arising from the products and funds at issue here; and after Sportsman's deposits the funds and receives an award of attorney's fees and costs, release it from any and all liability arising out of the products and funds at issue here, and dismiss it from this action with prejudice.

Schmeilski submitted a Motion to Adopt and Join Plaintiff's Second Motion for Order to Deposit Disputed Funds on November 11, 2009.  (Doc. 21).  In its Motion to Adopt and Join, Schmeilski states that, after reviewing the contents and exhibits of the Second Motion by Sportsman's, it believes that the "facts and allegations contained therein are proper and supported by sufficient facts and evidence," and "adopts and joins in" the Second Motion.  (Doc. 21 at 1-2). Schmeilski asks the Court to direct Sportsman's to deposit the sum of $173,084 with the Clerk of the Court so that the matter can proceed to litigation as to the distribution of the funds.  Havana likewise filed a response to Sportsman's Second Motion, consenting to it, and to the deposit of $173,084 with the Clerk.  (Doc. 22). Havana does reserve its right to contest any attorney's fees motion by Sportsman's. As noted above, Defendants AAG and AGT have not responded to the Motion, and have not appeared in this action.  Therefore, it will be presumed that they do not oppose the Second Motion by Sportsman's.  Local Rule 7.1(B)(2) ("If no response is timely filed, the presiding judge will presume there is no opposition to the motion.").

The purpose of an interpleader action is to protect a plaintiff from incurring expenses associated with double litigation, and to protect it from the risk of double liability. <u>Union Cent. Life Ins. Co. v. Hamilton Steel Prods., Inc.</u>, 448 F .2d 501, 504 (7th Cir.1971) (<u>citing</u> <u>Metro. Life Ins. Co. v. Segaritis</u>, 20 F. Supp. 739, 741 (E.D. Pa.1937)). Therefore, an interpleader action is appropriate when a plaintiff possesses a "real and reasonable fear of double liability on conflicting claims." <u>Aaron v. Mahl</u>, 550 F.3d 659, 663 (7th Cir. 2008).

Here, Sportsman's asserts that there is a potential for double liability, and Havana agrees. (Doc. 12 at 2). Schmeilski denies that Sportsman's would be subject to double liability if it pays Schmeilski, as Schmeilski asserts that Havana has no valid claim, though Schmeilski does not dispute that Rule 22 interpleader is appropriate in this case. (Doc. 14 at 2-3). The Court finds that Sportsman's fear of double liability and multiple litigation is real and reasonable. Schmeilski and Havana assert substantial, mutually exclusive claims to payment for the "AGT" and "DOA" products; Sportsman's cannot pay one of them without risking litigation from and liability to the other.

In interpleader actions under Rule 22, the holder of the fund may "put the money…in dispute into court, withdraw from the proceeding, and leave the claimants to litigate between themselves the ownership of the fund in court." <u>Commercial Nat. Bank of Chicago v. Demos</u>, 18 F.3d 485, 487 (7th Cir. 1994) (<u>quoting</u> <u>Commercial Union Ins. Co. v. United States</u>, 999 F.2d 581, 583 (D.C. Cir.1993). Federal Rule of Civil Procedure 67 provides that where a part of the relief sought is the "disposition of a sum of money…, a party -- on notice to every

6

other party and by leave of court -- may deposit with the court all or part of the money." As the parties now agree that $173,084 is the proper calculation of the disputed fund, and that Sportsman's may deposit this sum and be relieved of liability, the Second Motion for Order to Deposit Disputed Funds will be granted.

Sportsman's also requests that the Court "enjoin all Defendants from pursuing any action against Sportsman's arising out of or relating to the Disputed Product or the Disputed Funds." (Doc. 20 at 9). As stated above, one of the purposes of interpleader is to protect the plaintiff from the "expense of double litigation." Union Central Life Ins. Co., 448 F.2d at 504 (quoting Metro. Life Ins. Co., 20 F.Supp. at 741) ("[T]he purpose of an interpleader bill is as much to protect a stakeholder from the expense of double litigation, however groundless, as it is to protect him from the risk of double liability."). The Seventh Circuit has noted that "[u]sually interpleader will not be really effective unless all claimants are brought before the same court in one proceeding and restricted to that single forum in the assertion of their claims. To accomplish that end, …it is of course essential that the interpleader court enjoin the institution or prosecution of other suits on the same subject matter elsewhere." General Ry. Signal Co. v. Corcoran, 921 F.2d 700, 707 (7th Cir. 1991) (quoting Pan American Fire & Casualty Co. v. Revere, 188 F.Supp. 474, 483 (E.D. La.1960) (omission in original)). Therefore, the request for an injunction by Sportsman's will be granted.

Sportsman's states that it will be filing a motion for attorney's fees and costs incurred in this action, to be deducted from the funds deposited with the Court. In certain circumstances an interpleader plaintiff may recover, out of the disputed

7

funds, its fees and costs associated with bringing the interpleader action.  7 FED. PRAC. & PROC. CIV. § 1719 (3d ed.).  Sportsman's may file its motion for attorney's fees and costs, and Defendants may file their responses to that motion thereafter. Upon its decision as to this motion, the Court will, if necessary, order that any fees or costs awarded to Sportsman's be distributed to it out of the fund.  The Court expresses no opinion as to the merits of any motion for fees and costs filed by Sportsman's.

## CONCLUSION

For the foregoing reasons, and there being no opposition, the Second Motion for Order to Deposit Disputed Funds and for other Declaratory Relief by Sportsman's (Doc. 20) will be granted.  Schmeilski's Motion to Adopt and Join Plaintiff's Second Motion for Order to Deposit Disputed Funds and for other Declaratory Relief (Doc. 21) will be granted.  In addition, Defendants will be enjoined from pursuing any other actions against Sportsman's arising out of this matter.  Upon its deposit of $173,084 with the Clerk, Sportsman's will be discharged from liability in this matter and will be dismissed with prejudice.

IT IS THEREFORE ORDERED:

1. The Second Motion for Order to Deposit Disputed Funds and for other Declaratory Relief by Sportsman's (Doc. 20) is GRANTED.

2. Sportsman's SHALL deposit $173,084 with the Clerk of the Court in accordance with Federal Rule of Civil Procedure 67.

3. Schmeilski's Motion to Adopt and Join Plaintiff's Second Motion for Order to Deposit Disputed Funds and for other Declaratory Relief (Doc. 21) is GRANTED.

4. Defendants, Havana National Bank, Schmeilski Outdoors, Inc., All About Game, Inc., and Advanced Game Technology Global, Inc., are hereby RESTRAINED AND ENJOINED from pursing any other action against Plaintiff, The Sportsman's Guide, Inc., for recovery of the products in question, the disputed funds, or the proceeds from the sale of those products. The products in question are products labeled with the prefixes "AGT" or "DOA," which were ordered by Sportsman's from Schmeilski in February 2009, manufactured by Zhejiang Zhongyu Leisure Products, and delivered to Sportsman's in March 2009. The disputed funds, which total $173,084, constitute the purchase price of these products.

5. Upon its deposit of $173,084 with the Clerk of the Court, Sportsman's shall be DISCHARGED from any and all liability to Defendants arising out of or relating to the "AGT" or "DOA" products or the disputed funds.

6. Upon its deposit of $173,084 with the Clerk of the Court, Sportsman's shall be DISMISSED WITH PREJUDICE from this action, provided that Sportsman's may seek a distribution of attorney's fees and costs to maintain this action from the funds so deposited.

7. Any motion by Sportsman's for attorney's fees or costs in this action SHALL be submitted within 28 days of the date of this Opinion & Order.

Entered this <u>7th</u> day of December, 2009.

                                                        s/ Joe B. McDade
                                                         JOE BILLY McDADE
                                                    United States District Judge