## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| THE SPORTSMAN'S GUIDE INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  09-cv-1152 |
| ) | |
| THE HAVANA NATIONAL BANK, ) | |
| SCHMEILSKI OUTDOORS INC., ALL ) | |
| ABOUT GAME INC., and ADVANCED ) | |
| GAME TECHNOLOGY GLOBAL INC., ) | |
| ) | |
| Defendants. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Motion to Award and Distribute Attorney's Fees and Costs. (Doc. 24). Defendant Havana National Bank has responded in opposition to the Motion, and Plaintiff was permitted to file a reply brief in support of its Motion. (Docs. 25 & 27). For the reasons stated below, Plaintiff's Motion is granted in part and denied in part; Plaintiff is awarded $13,410.54 in attorney's fees and costs.

### BACKGROUND

The background of this matter is fully discussed in the Court's December 7, 2009 Opinion, but is summarized here. (Doc. 23). Plaintiff filed its Complaint for Interpleader under Federal Rule of Civil Procedure 22 on April 30, 2009; the Complaint was amended on November 8, 2009. Plaintiff had ordered hunting products from Defendant Schmeilski Outdoors ("Schmeilski") in February 2009, which were shipped directly to Plaintiff from the Chinese manufacturer. In late

March 2009, Defendant Havana National Bank ("Havana") notified Plaintiff that it claimed a security interest in some of the products, which were allegedly part of the inventory of Defendants All About Game, Inc. ("AAG") and Advanced Game Technology Global Inc. ("AGT"). Plaintiff acknowledged that it owes payment for the products to one or more of the Defendants, but filed the instant interpleader action to avoid multiple litigation and double liability.

On December 7, 2009, the Court granted Plaintiff's unopposed Motion for Order to Deposit Disputed Funds and for Other Declaratory Relief, and granted Plaintiff leave to seek an award of attorney's fees and costs out of the deposited funds. (Doc. 23). Plaintiff thereafter deposited $173,084 with the Clerk of the Court. (12/22/09 Receipt). On January 4, 2010, Plaintiff filed the instant Motion to Award and Distribute Attorney's Fees and Costs; Plaintiff requests $17,542.94. Only Havana responded in opposition to the Motion; as none of the other Defendants have filed objections to the Motion, the Court presumes, under Local Rule 7.1(B)(2), that they do not object.[1]

## DISCUSSION

Plaintiff asserts that it is entitled to an award from the interpled fund of all its attorney's fees and costs incurred in this matter, in the amount of $17,542.94. In addition to its expenses in filing the initial Complaint and Motion to Deposit Funds, Plaintiff seeks reimbursement for its expenses related to the Amended Complaint, and Second Motion to Deposit Funds, as well as pre-Complaint expenses related to the fund. Havana argues that Plaintiff's Motion should be denied, as Plaintiff has

---

[1]   AAG and ATG were served in this action on May 7, 2009, but have not appeared. (Docs. 5 & 6).

2

not proven that its requests are reasonable. Havana objects to Plaintiff's "generic entries" and requests for expenses related to motions that were never filed, as well as to Plaintiff's requests for expenses related to the Amended Complaint and Second Motion to Deposit Funds, which Havana argues were necessary only because of Plaintiff's own actions.

Though Rule 22 does not explicitly provide for the plaintiff-stakeholder in an interpleader action to be awarded attorney's fees and costs, courts commonly do so under their equitable powers. The Seventh Circuit has observed that "a court may award attorneys' fees and costs to a prevailing stakeholder in an interpleader action if the costs are determined to be reasonable and the stakeholder's efforts are not part of its normal course of business." *Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008) (*citing Union Cent. Life Ins. Co. v. Hamilton Steel Prods., Inc.*, 493 F.2d 76, 79 (7th Cir. 1974); *Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965)). *See also* 7 FED. PRAC. & PROC. CIV. § 1719 (3d ed.). These awards typically are drawn from the interpled fund. *Aaron*, 550 F.3d at 667 (*citing First Trust Corp. v. Bryant*, 410 F.3d 842, 856 (6th Cir. 2005)).

The Court agrees that Plaintiff is entitled to an award of attorney's fees and costs, but finds that some of Havana's objections to the amounts claimed by Plaintiff are well-founded. In *Aaron*, the Seventh Circuit approved an award of fees and costs to the stakeholder where the district court found that the stakeholder

> was a disinterested stakeholder whose efforts were not part of its normal course of business[,] the case was complex and involved extensive discovery and motions practice, [the stakeholder] did nothing improper to prolong the proceedings, was not responsible for 'the filing of multiple lawsuits in multiple jurisdictions,' and acted in good faith and with diligence throughout the federal litigation.

*Aaron,* 550 F.3d at 667. *See also* 7 FED. PRAC. & PROC. CIV. § 1719 (3d ed.) (fees and costs "available only when the party initiating the interpleader is acting as a mere stakeholder, which means that the party has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability"). Here, Plaintiff is disinterested, has admitted that it is liable for payment for the products in question, tried to resolve this matter without litigation, has deposited the fund with the Court, appears to have acted in good faith, and has asked to be dismissed from the action. The Court therefore finds that some award of reasonable attorney's fees and costs is appropriate.

On the other hand, Plaintiff is responsible for at least some of the expenses that it incurred during the proceedings, as it did not conduct an accurate initial inventory of the disputed items it received, which triggered objections from Schmeilski and Havana, and which necessitated the filing of an Amended Complaint and Second Motion for Order to Deposit Funds.[2] If Plaintiff had merely taken an inventory of the disputed products received before filing the Complaint, and submitted to the Court an explanation of how it arrived at its calculation of the

---

[2] Plaintiff ordered $233,000 in hunting products from Schmeilski in February 2009. In its first Complaint, Plaintiff stated that it owed $199,104 for the products. (Doc. 1 at 3). This was apparently based on the quantity of products that both it and Schmeilski expected to be shipped to Plaintiff. However, on opening the packages and taking an inventory, Plaintiff revised this calculation down to $172,805, to reflect a smaller quantity of products; this calculation was included in the first Motion for Order to Deposit Funds. (Doc. 2-3). This revision was the basis for a dispute between Plaintiff and Schmeilski, which resulted in the Court's order of an Amended Complaint and Second Motion for Order to Deposit Funds. As noted below, Plaintiff conducted a new inventory for the Amended Complaint and Second Motion for Order to Deposit Funds, and arrived at $173,084, with which Schmeilski agreed.

4

amount of the disputed fund, there would have been no need for the Amended Complaint or the Second Motion for Order to Deposit Funds.  The difference of $26,299 between Plaintiff's calculation in the initial Complaint and its calculation in the first Motion for Order to Deposit Funds was not trivial, and it was not unreasonable for Defendants to object to Plaintiff's sudden alteration of the amount; the increase in the litigation spawned by this changed calculation is not attributable to Defendants.  Therefore, the attorney's fees and costs associated with the Amended Complaint and the Second Motion for Order to Deposit Funds cannot be awarded out of the interpled fund.  These expenses total $3,174.90.[3]

In addition, Havana objects to Plaintiff's claims to reimbursement for "block-billed" charges for unfiled motions for *pro hac vice* admission, to "generic" charges for "research," and for work by attorney Gotshall for his research on Articles 2 and 9 of the Uniform Commercial Code.  First, the Court finds that Plaintiff should not recover its June 2009 expenses related to *pro hac vice* admission, as it never moved for such admission, as "the court does not permit *pro hac vice* admissions generally" under Local Rule 83.5(F), and as Plaintiff had local counsel since at least April 30, 2009.  (Doc. 24-2 at 3).  As pointed out by Havana, the bills submitted by Plaintiff combine time entries for the *pro hac vice* work with other work, so the Court cannot

---

[3]   All of the legal fees and costs charged to Plaintiff after the Court's order of October 9, 2009 were caused by the need to file the Amended Complaint and Second Motion for Order to Deposit Funds.  This includes $1,500.00 in work between October 9 and 29, 2009; $1,527.50 in work between November 2 and November 13, 2009; $130.00 in work between November 25 and 30, 2009; and $17.40 in copying on November 16, 2010.  (Doc. 24-2 at 14-21).

   In its Memorandum in Opposition, Havana asserts that the October and November 2009 legal work amounts to $4,544.90.  (Doc. 25 at 3 fn. 3).  The Court does not see how Havana came to this number, but relies on its own calculation of $3,174.90.

distinguish how much time was spent on that specific issue. Plaintiff did not clarify this question in its reply. Therefore, the Court will exclude the charges that include work on *pro hac vice* admission, which total $957.50.

On the other hand, Havana objects to two redacted entries for "research." Havana claims that these are "generic" research entries, and that Plaintiff should not recover these charges. On the contrary, they are described in the billing submissions, but the topics were redacted to preserve Plaintiff's attorney-client privilege and Plaintiff's attorneys' private work product. The Court finds that the 2.9 hours of work to which Havana objects, which include work other than "research," was a reasonable expense. Finally, the Court finds that it was reasonable for Plaintiff's attorneys to educate themselves about the relevant UCC provisions under which Havana claimed a security interest in the disputed products prior to paying either Havana or Schmeilski. Therefore, Mr. Gotshall's work investigating these UCC provisions was a reasonable expense.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Award and Distribute Attorney's Fees and Costs (Doc. 24) is GRANTED IN PART AND DENIED IN PART. Plaintiff is awarded a total of $13,410.54, which represents $13,026.50 in attorney's fees, and $384.04 in costs. This award is to be distributed to Plaintiff from the $173,084 fund previously deposited by Plaintiff with the Clerk of the Court.

IT IS SO ORDERED.

Entered this <u>30th</u> day of June, 2010.

                                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                              United States Senior District Judge